# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>ROBERT HICKS,<br><br>  Defendant. | Case No. 20-20024-JAR-1 |

## MEMORANDUM AND ORDER

  Before the Court is Defendant Robert Hicks' Motion to Marry (Doc. 12). The motion requests the Court grant permission for Defendant to marry Kelley Gray in a ceremony while Defendant is incarcerated at CoreCivic Detention Facility, located in Leavenworth, Kansas, known as the Leavenworth Detention Center ("LDC"). For the reasons set forth below, the motion is denied.

  Defendant is a pretrial inmate and is therefore permitted to "request permission to marry in accordance with current Bureau of Prisons policy for convicted inmates."[1] As a general matter, courts recognize prison inmates have a constitutional right to marry; however, this right is not without restriction. In *Turner v. Safley*, the Supreme Court held that a prisoner's right to marry may be limited by a law, regulation, rule, policy, or decision that is reasonably related to legitimate penological interests.[2] Courts determine whether a restriction on the right to marry is "reasonable" using the following factors: (1) whether there is a valid, rational connection between the regulation and a legitimate, neutral government interest put forward to justify it; (2)

---

[1] 28 C.F.R. § 551.111.

[2] 482 U.S. 78 (1987).

whether there are alternative means of exercising the asserted constitutional rights that remain open to the inmate; (3) whether and the extent to which accommodation of the asserted right would impact prison staff, inmates' liberty, and the allocation of limited prison resources; and (4) whether the regulation represents an exaggerated response to prison concerns.[3]

At this time, the President of the United States has declared a National Emergency regarding the Novel Coronavirus Disease (COVID-19) Outbreak.[4] The Centers for Disease Control and Prevention, in accordance with the World Health Organization, has labelled COVID-19 a "serious public health risk."[5] The Governor of Kansas, Laura Kelly, has issued an Executive Order instituting a temporary, statewide stay-home order directing Kansans to stay in their homes or residences unless performing an essential activity.[6] And this Court has issued an Administrative Order postponing all criminal cases and matters scheduled for nonemergency hearings or trial before any district or magistrate judge in the District of Kansas until further order of the Court.[7] In short, COVID-19 is causing a myriad of disruptions to daily life throughout the United States.

Many jails and prisons have also taken measures in response to COVID-19 in an effort to limit risk of exposure in their facilities. On March 24, 2020, CoreCivic released guidance regarding the suspension of social visitations in their facilities, including LDC where Defendant

---

[3] *Id.* at 89–90.

[4] *See Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID 19) Outbreak*, WhiteHouse.gov (Mar. 13, 2020), https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak.

[5] Coronavirus Disease 2019 (COVID-19), Situation Summary, Ctr. for Disease Control & Prevention (Mar. 26, 2020), https://www.cdc.gov/coronavirus/2019/ncov/cases-updates/summary.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fsummary.html.

[6] The Office of Kansas Governor Laura Kelly, Exec. Order No. 20-16 (Mar. 13, 2020).

[7] *In re Criminal Hearings and Trials Under the Exigent Circumstances Created by COVID-19 and Related Coronavirus Health Concerns*, Admin. Order No. 2020-3 (Mar. 13, 2020); *See also In re Criminal Case Operations Due to COVID-19 Response*, Admin. Order No. 2020-4 (Mar. 30, 2020).

is being held.[8]  That guidance provides that, effective March 12, 2020, all social visitation has been suspended at LDC until further notice.[9]

The Court therefore evaluates whether the limitation on all social visitation—which results in denial Defendant's Motion to Marry—comports with the factors laid out in *Turner*. First, there is a rational connection between the restriction of all social visitation and the government's interest in mitigating the spread of a global pandemic.  Second, it appears to the Court that alternative means of exercising the right to marry exist for Defendant, such as waiting until restrictions on social visitation is lifted at LDC.  Third, accommodating Defendant's request would pose a risk to the health of other inmates and prison staff.  The purpose of limited social visitation is to mitigate the risk of exposure to the novel coronavirus in times of a global pandemic.  Governmental officials at the local, state, and national level are ordering Americans to remain at their residences except for essential activities such as seeking medical care or obtaining food.  Moreover, in light of the temporary nature of LDC's restriction on social visitation, the Court does not find an unreasonable restriction on Defendant's liberty.  Fourth, denying Defendant's Motion to Marry does not represent an exaggerated response to prison concerns.  As previously noted, the country has taken unprecedented action to curtail the spread of COVID-19.  The President has declared a national emergency, and many governors have declared statewide emergencies and issued varying levels of "stay-at-home" orders in response to guidance from the Centers for Disease Control and Prevention and the World Health Organization.  LDC's response does not represent an exaggerated response to this global pandemic; it comports with the serious nature of a public health crisis.

---

[8]*Social Visitation Suspension Information*, CoreCivic (Mar. 24, 2020), https://www.corecivic.com/hubfs/_files/Visitation%20Suspension%20Info%20-%20Facility-wide.pdf.

[9] *Id.*

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Marry (Doc. 12) is **DENIED without prejudice**. After social visitation restrictions related to COVID-19 are lifted, Defendant may wish to renew his motion.

**IT IS SO ORDERED.**

Dated: March 31, 2020

                                            S/ Julie A. Robinson
                                            JULIE A. ROBINSON
                                            CHIEF UNITED STATES DISTRICT JUDGE